■ In the Matter of WAYNE T.I., Respondent, v LATISHA T.C., Also Known as LATISHA T., Respondent, and ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [851 NYS2d 314]—

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered March 17, 2006 in a proceeding pursuant to Family Court Act article 5. The order, insofar as appealed from, denied the amended motion of respondent Onondaga County Department of Social Services for leave to reargue, renew and resettle an order entered April 12, 2005, which awarded petitioner attorney's fees.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Respondent Onondaga County Department of Social Services (DSS) appeals from an order that, inter alia, denied its amended motion seeking "leave to reargue, renew and resettle" an order from which no appeal was perfected. DSS contends that Family Court erred in denying that part of its amended motion seeking leave to reargue. The appeal from that part of the order must be dismissed (*see Empire Ins. Co. v Food City*, 167 AD2d 983 [1990]). We reject the further contention of DSS that the court erred in denying that part of its amended motion seeking leave to renew. In support of the amended motion, DSS failed to offer new facts that were unavailable at the time of the prior motion or to offer a valid excuse for its failure to present the allegedly new facts at the time of its prior motion. Thus, that part of the amended motion purportedly seeking leave to renew was actually one for reargu-

ment and, as noted, no appeal lies from that part of the order (*see generally Pfeiffer v Jacobowitz*, 29 AD3d 661, 662 [2006]; *Sallusti v Jones*, 273 AD2d 293, 294 [2000]; *Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320 [2000], *lv denied in part and dismissed in part* 95 NY2d 860 [2000]). Furthermore, no appeal lies from that part of the order denying the amended motion of DSS insofar as it sought leave to resettle the prior order inasmuch as DSS sought substantive changes in the prior order (*see Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303 AD2d 532, 536 [2003], *lv denied* 100 NY2d 506 [2003]; *Matter of Sherman N.*, 267 AD2d 312 [1999]). Thus, the appeal from that part of the order must also be dismissed. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.