# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1043.3**
**CAF 14-00850**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SUSAN TUTTLE,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BETH MATEO, RESPONDENT-RESPONDENT.
(APPEAL NO. 3.)

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
PETITIONER-APPELLANT.

ROBERT L. GOSPER, ATTORNEY FOR THE CHILD, CANANDAIGUA.

---------------------------------------------------------------------------------

Appeal from a second amended order of the Family Court, Ontario
County (Maurice E. Strobridge, JHO), entered April 25, 2014 in a
proceeding pursuant to Family Court Act article 6.  The second amended
order granted that part of the petition of respondent seeking to
terminate petitioner's physical visitation with the child.

It is hereby ORDERED that the second amended order so appealed
from is unanimously modified on the law by vacating the directive
suspending petitioner's visitation and as modified the second amended
order is affirmed without costs and the matter is remitted to Family
Court, Ontario County, for further proceedings in accordance with the
following Memorandum:  In appeal No. 1, petitioner mother appeals from
an order dismissing her petition against respondent stepmother
alleging the violation of Family Court's temporary visitation order,
and in appeal No. 2 she appeals from an amended order clarifying the
court's order in appeal No. 1 by denying the stepmother's petition to
terminate the mother's visitation with the subject child.  In appeal
No. 3, the mother appeals from a second amended order that further
clarified the order in appeal No. 1 by denying that part of the
stepmother's petition seeking to terminate the mother's telephonic
visitation, but granting that part of the petition seeking to
terminate the mother's physical visitation.  We note at the outset
that the mother's appeals from the order and amended order in appeal
Nos. 1 and 2 must be dismissed inasmuch as those orders were
superseded by the second amended order in appeal No. 3 (*see Matter of
Eric D.* [appeal No. 1], 162 AD2d 1051, 1051).

With respect to the second amended order in appeal No. 3, we
reject the mother's contention that the stepmother failed to establish
a change in circumstances since entry of the guardianship order to
warrant reexamination of the visitation arrangement (*see Matter of Fox*

*v Fox*, 93 AD3d 1224, 1224-1225).  The record establishes that, among other things, the relationship between the mother and the child had deteriorated significantly since entry of the order to the point that the child no longer wished to have visitation with the mother (*see Matter of Rulinsky v West*, 107 AD3d 1507, 1508; *Matter of Cole v Nofri*, 107 AD3d 1510, 1511, *appeal dismissed* 22 NY3d 1083; *Matter of Susan LL. v Victor LL.*, 88 AD3d 1116, 1117).

We agree with the mother, however, that the court's suspension of her physical visitation with the child lacks a sound and substantial basis in the record (*see Fox*, 93 AD3d at 1225).  Although "[v]isitation decisions are generally left to Family Court's sound discretion" (*Matter of Lydia C. [Albert C.]*, 89 AD3d 1434, 1436 [internal quotation marks omitted]; *see Matter of Helles v Helles*, 87 AD3d 1273, 1274), "[t]he denial of visitation to a noncustodial parent constitutes such a drastic remedy that it should be ordered only when there are compelling reasons, and there must be substantial evidence that such visitation is detrimental to the child[ ]'s welfare" (*Vasile v Vasile*, 116 AD2d 1021, 1021; *see Matter of Diedrich v Vandermallie*, 90 AD3d 1511, 1511; *Matter of Frierson v Goldston*, 9 AD3d 612, 614).  "While the wishes of the child[ ] should be given consideration . . . , '[v]isitation with a noncustodial parent is presumed to be in a child's best interests' " and, in order to "overcome this strong presumption," it must be established that "visitation would be detrimental to the child[ ]'s welfare" (*Matter of Brown v Erbstoesser*, 85 AD3d 1497, 1499).

Here, the record lacks the requisite "substantial evidence" that visitation with the mother is detrimental to the child's welfare (*Vasile*, 116 AD2d at 1021; *see Diedrich*, 90 AD3d at 1511; *Frierson*, 9 AD3d at 614).  Although, as noted, the record establishes that the child no longer wished to see the mother, her wishes with respect to visitation are not determinative (*see Matter of Luke v Luke*, 90 AD3d 1179, 1181; *Matter of Bond v MacLeod*, 83 AD3d 1304, 1306; *Bubbins v Bubbins*, 136 AD2d 672, 672).  We therefore modify the second amended order in appeal No. 3 by vacating the directive terminating physical visitation between the mother and the child, and we remit the matter to Family Court to determine an appropriate visitation schedule, which may include supervised visitation (*see Matter of Cameron C.*, 283 AD2d 946, 947, *lv denied* 97 NY2d 606).  We have reviewed the mother's remaining contentions and conclude that they are without merit.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court