# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**592**
**CAF 14-00421**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF AMBER MEHTA,
PETITIONER-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

FREDERICK FRANKLIN, JR.,
RESPONDENT-APPELLANT.
------------------------------------------
IN THE MATTER OF FREDERICK FRANKLIN, JR.,
PETITIONER-APPELLANT,

V

AMBER MEHTA, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR
RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

VENZON LAW FIRM PC, BUFFALO (CATHARINE M. VENZON OF COUNSEL), FOR
PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.

JAMES A. CIMINELLI, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered July 31, 2013 in a proceeding pursuant to Family
Court Act article 6.  The order, among other things, awarded
petitioner-respondent primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, respondent-petitioner father
appeals from an order that, inter alia, awarded petitioner-respondent
mother primary physical custody of the parties' child and, in appeal
No. 2, the father appeals from an order denying his motion for leave
to reargue and renew his opposition to Family Court's decision in
appeal No. 1.  We note at the outset that we dismiss the appeal from
the order in appeal No. 2 to the extent that the court denied that
part of the father's motion for leave to reargue inasmuch as no appeal
lies from such an order (*see Matter of Wayne T.I. v Latisha T.C.*, 48
AD3d 1165, 1165; *Empire Ins. Co. v Food City*, 167 AD2d 983, 984).  We
otherwise affirm the order in appeal No. 2 inasmuch as the facts
presented by the father in seeking leave to renew " 'would [not]

change the prior determination' " (*Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1628, quoting CPLR 2221 [e] [2]).

Contrary to the father's contention in appeal No. 1, the court properly determined that there was a change in circumstances based on, inter alia, " 'the continued deterioration of the parties' relationship' " (*Lauzonis v Lauzonis*, 120 AD3d 922, 924).  We further conclude that the court's determination awarding the mother primary physical custody is in the child's best interests.  The court's determination is "entitled to great deference" and will not be disturbed where, as here, "the record establishes that it is the product of 'careful weighing of [the] appropriate factors' . . . , and it has a sound and substantial basis in the record" (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court