# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**13**

**CA 16-00246**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND SCUDDER, JJ.

---

LISA MARIE GUY, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ERIC GUY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

JOHN P. PIERI, BUFFALO, FOR PLAINTIFF-RESPONDENT.

CHERYL A. ALOI, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered August 13, 2015. The order, inter alia, denied the motion of defendant to compel plaintiff to engage in collaborative counseling.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion dated October 8, 2014 to the extent of compelling plaintiff to cooperate with collaborative counseling, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff mother and defendant father entered into a stipulation in October 2011 pursuant to which they agreed that the mother would have sole custody of their two daughters, and the father would have two hours a week of supervised visitation, with the eventual goal of unsupervised visitation. The parties stipulated that the parties and the children would all engage in individual counseling, and at some point they would engage in family therapy with one professional. The parties stipulated that the mother's positive support for the father's parental role, and the mother's participation in the therapy, were essential for any meaningful progress to occur. The father began supervised visits but they ended when, according to the father, the children decided they no longer wanted to go on the visits. The father sought to have the parties engage in family counseling, which the mother resisted. It appears that Supreme Court ordered the parties to engage in such counseling with a named counselor, but after one visit with the counselor, the children refused to attend any more sessions, and the mother cancelled the next scheduled appointment with the counselor and said that the children wanted to talk with the judge. By notice of motion dated October 8, 2014, the father moved, inter alia, to compel the mother to cooperate

with collaborative counseling and, if the children continued to refuse to visit with him, to be relieved of his child support obligation. After reading the submissions of the parties and conducting an in camera interview with the children, the court denied the father's motion in its entirety and concluded that "[t]o force the situation" between the father and the children would not be in their best interests. In appeal No. 1, the father appeals from the order denying that motion (hereafter, motion), as well as a separate motion concerning insurance coverage that is not at issue on appeal. In appeal No. 2, the father appeals from a subsequent order granting the mother's application for attorney's fees.

Addressing first appeal No. 1, we begin by repeating the well-settled principle that visitation with a noncustodial parent is presumed to be in a child's best interests (*see Matter of Granger v Misercola*, 21 NY3d 86, 90) and, thus, there is "a rebuttable presumption that a noncustodial parent will be granted visitation" (*Matter of Merkle v Henry*, 133 AD3d 1266, 1268). That presumption may be rebutted when it is shown, by a preponderance of the evidence, that visitation would be harmful to the child (*see Granger*, 21 NY3d at 92; *Matter of Tuttle v Mateo* [appeal No. 3], 121 AD3d 1602, 1604). Here, the father has not had even supervised visitation with the children for several years. Although the children expressed their wish not to have visitation with the father, there is no showing on this record that collaborative counseling or even supervised visitation would be harmful to them or contrary to their best interests (*see Bubbins v Bubbins*, 136 AD2d 672, 672). The record establishes that the mother has made little to no effort to encourage the relationship between the father and the children, and the father submitted evidence supporting an inference that the mother was alienating the children from the father. In denying the father's motion in its entirety, the court improperly allowed the children essentially to dictate whether visits would ever occur with the father (*see William-Torand v Torand*, 73 AD3d 605, 606; *Matter of Casolari v Zambuto*, 1 AD3d 1031, 1031; *Sturm v Lyding*, 96 AD2d 731, 731-732).

We therefore modify the order in appeal No. 1 by granting the father's motion to the extent that he seeks to compel the mother to cooperate with collaborative counseling, and we remit the matter to Supreme Court for further proceedings before a different justice to fashion an appropriate order consistent with this decision, including collaborative counseling and supervised visitation. In the event that the mother or the children continue to refuse to participate in collaborative counseling or attend visitation, the court should consider whether an order of contempt or an order relieving the father of his child support obligation with respect to the older child would be appropriate (*see Labanowski v Labanowski*, 4 AD3d 690, 691, 694-696).

With respect to appeal No. 2, we agree with the father that the court abused its discretion in granting the mother's application for attorney's fees pursuant to Judiciary Law § 237 (b). The father was the less monied spouse and, contrary to the conclusion of the court, his motion had merit (*see generally Johnson v Chapin*, 12 NY3d 461,

467, *rearg denied* 13 NY3d 888; *Wilson v Wilson*, 128 AD3d 1326, 1327).