Matter of Benson v Smith (2019 NY Slip Op 09175)





Matter of Benson v Smith


2019 NY Slip Op 09175


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


1168 CAF 18-00746

[*1]IN THE MATTER OF JESSICA W. BENSON, PETITIONER-RESPONDENT,
v
JAMES T. SMITH, RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
RAYMOND P. KOT, II, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Mathew K. McCarthy, A.J.), entered April 12, 2018 in a proceeding pursuant to Family Court Act article 6. The appeal was held by this Court by order entered March 22, 2019, decision was reserved and the matter was remitted to Family Court, Steuben County, for further proceedings (170 AD3d 1641 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts denying respondent visitation or contact with the child and imposing conditions on any future application by respondent to modify his visitation, and granting respondent supervised visitation, and as modified the order is affirmed without costs and the matter remitted to Family Court, Steuben County, to set an appropriate visitation schedule in accordance with the following memorandum: Respondent father appeals from an order that, inter alia, granted petitioner mother's petition for sole custody of the subject child and denied the father any visitation or contact. We previously held this case, reserved decision, and remitted the matter to Family Court to set forth the factual findings supporting its determination (Matter of Benson v Smith, 170 AD3d 1640, 1641 [4th Dept 2019]). Upon remittal, the court issued an oral and a written decision setting forth those findings.
We reject the father's contention that the court erred in awarding the mother sole custody of the child. "A custody determination by the trial court must be accorded great deference . . . and should not be disturbed where . . . it is supported by a sound and substantial basis in the record" (Matter of Abdo v Ahmed, 162 AD3d 1742, 1743 [4th Dept 2018] [internal quotation marks omitted]; see generally Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, the court's determination is supported by a sound and substantial basis in the record (see Matter of Buckley v Kleinahans, 162 AD3d 1561, 1562 [4th Dept 2018]; see also Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]). Contrary to the father's assertion, the parties' acrimonious relationship demonstrated that joint custody was not appropriate (see Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]), and there is no basis to disturb the court's credibility determinations (see generally Matter of Belcher v Morgado, 147 AD3d 1335, 1336 [4th Dept 2017]).
We agree with the father, however, that the court erred in denying him any visitation or contact with the child (see Kleinbach, 151 AD3d at 1687; see also Guy v Guy, 147 AD3d 1305, 1306 [4th Dept 2017]). It is well established that "visitation with a noncustodial parent is generally presumed to be in a child's best interests . . . and denial of such visitation is a drastic remedy to be employed only where there are compelling reasons for doing so and substantial evidence that visitation will be harmful to the child[ ]'s welfare" (Matter of Diedrich v [*2]Vandermallie, 90 AD3d 1511, 1511 [4th Dept 2011] [internal quotation marks omitted]). Here, the court did not make the requisite threshold finding that visitation would be harmful to the child, and the record would not support such a finding in any event. We therefore modify the order accordingly, and we remit the matter to Family Court to fashion an appropriate visitation schedule granting the father not less than two hours of supervised visitation per week.
We further agree with the father that the court erred in conditioning his right to file a future modification petition on his release from custody, his "successfully engag[ing]" in mental health treatment, and his prospective waiver of his right to confidentiality with respect to his mental health records. It is well established that a court lacks authority to condition any future application for modification of a parent's visitation on his or her participation in mental health treatment (see Matter of Allen v Boswell, 149 AD3d 1528, 1529 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Ordona v Cothern, 126 AD3d 1544, 1546 [4th Dept 2015]), much less on his or her release from custody (see generally Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]) and waiver of statutory confidentiality rights (see generally Mental Hygiene Law § 33.13 [c], [e], [f]). We therefore further modify the order by vacating the conditions imposed on any future application by the father to modify his visitation (see Matter of Viera v Huff, 83 AD3d 1520, 1521 [4th Dept 2011]; see also Matter of Sanchez v Mercedes, 172 AD3d 1898, 1899 [4th Dept 2019], lv denied 33 NY3d 911 [2019]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court