Matter of Ramsey v Faustin (2023 NY Slip Op 01007)

Matter of Ramsey v Faustin

2023 NY Slip Op 01007

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2022-00181
 (Docket No. V-672-15/20O, V-672-15/21Q)

[*1]In the Matter of Tony T. Ramsey, appellant,
v
Regine Faustin, respondent.

Carol J. Lewisohn, Woodmere, NY, for appellant.
Jan Murphy, Huntington, NY, for respondent.
Penny S. Slomovitz-Glaser, Hauppauge, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated December 10, 2021. The order, after a hearing, in effect, denied the father's petitions to modify the provisions of an amended final order of custody and parenting time of the same court dated March 12, 2020, based on alleged violations of that order, so as to award him physical custody of the parties' child, dismissed the proceedings, and directed the parties to abide by their respective obligations in the amended final order of custody and parenting time.
ORDERED that the order dated December 10, 2021, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in 2014. By an amended final order of custody and parenting time dated March 12, 2020 (hereinafter the prior order), the Family Court, after a hearing, continued the mother's physical custody of the child with parenting time to the father. The father subsequently filed two petitions alleging that the mother had violated the parental access provisions of the prior order and seeking a change in custody based upon the alleged violations. After a hearing, the court, in effect, denied the petitions, dismissed the proceedings, and directed both parties to abide by their respective obligations in the prior order.
"To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Palazzolo v Giresi-Palazzolo, 138 AD3d 866, 867). Here, we agree with the Family Court's determination that the father failed to demonstrate that the mother willfully violated parental access provisions of the prior order (see Matter of Lupo v Rainsford, 162 AD3d 1032, 1033). The court's direction to the parties to abide by their respective obligations in the prior order was an appropriate remedy for the alleged violations (see Matter of Pignataro v Davis, 8 AD3d 487).
"In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, [*2]651). "Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that court's credibility findings are generally accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Dennis v Davis-Schloemer, 167 AD3d 738, 739). While a child's expressed preference is not determinative, it is some indication of what is in the child's best interests (see Matter of Masiello v Milano, 180 AD3d 683, 685).
Contrary to the father's contention and the contention of the attorney for the child, the Family Court's determination that the father failed to show that there was a change in circumstances such that modification of the prior order was necessary to ensure the child's best interests is supported by a sound and substantial basis in the record (see generally Matter of Legall v Belle, 180 AD3d 910, 912).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court