Matter of Morales v Diaz (2023 NY Slip Op 01512)

Matter of Morales v Diaz

2023 NY Slip Op 01512

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-03127
 (Docket Nos. V-2748-21/21A, V-2749-21/21A, V-2750-21/21A, V-2751-21/21A, V-2753-21, V-2754-21 V-2755-21, V-2756-21, V-3085-21, V-3086-21, V-3087-21, V-3088-21)

[*1]In the Matter of Chana Morales, petitioner,
v
Franklin Diaz, respondent. (Proceeding No. 1)
In the Matter of Franklin Diaz, respondent,
v
Chana Morales, appellant. (Proceeding No. 2)

Alex Smith, Middletown, NY, for appellant.
Peter W. Green, Middletown, NY, for respondent.
Scott Stone, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered April 4, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was, in effect, to modify an order of the Family Court, Bronx County (Karen M.C. Cortes, Ct. Atty. Ref.), dated February 15, 2018, so as to award him sole legal and physical custody of the parties' children.
ORDERED that the order entered April 4, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have four children in common. Pursuant to an order dated February 15, 2018 (hereinafter the 2018 order), issued on consent, the mother was awarded sole legal and physical custody of the children, with parental access to the father. In June 2021, the father commenced this proceeding, inter alia, in effect, to modify the 2018 order so as to award him sole legal and physical custody of the children. After a hearing, the Family Court, inter alia, granted that branch of the father's petition which was, in effect, to modify the 2018 order so as to award him sole legal and physical custody of the children. The mother appeals.
A parent seeking to modify an existing custody order must show a change in circumstances such that modification is required to protect the best interests of the children (see Matter of Levy v Binette, 211 AD3d 840, 841; Matter of Langenau v Hargrove, 198 AD3d 650, 651). "The best interests of the child[ren] are determined by a review of the totality of the circumstances" (Matter of Langenau v Hargrove, 198 AD3d at 651; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the [*2]witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Langenau v Hargrove, 198 AD3d at 651-652; see Matter of Smith v Francis, 206 AD3d 914). Here, the Family Court's determination to award the father sole legal and physical custody of the children to ensure the best interests of the children has a sound and substantial basis in the record, and thus, will not be disturbed.
The mother's contention that the court should have awarded the parties joint custody of the children was not raised in the Family Court, and, in any event, joint custody was not warranted (see Matter of Shields v Shields, 192 AD3d 691). To the extent that the mother raises issues regarding an order awarding the father temporary custody, those issues are academic as that order was superseded by the order appealed from and, therefore, is no longer of any effect (see Matter of Brown v Elfaiz, 191 AD3d 871; Matter of Saylor v Bukowski, 170 AD3d 862). Any alleged defect in the temporary order does not render defective the order appealed from, which was based on evidence upon a full and fair hearing (see Matter of Saylor v Bukowski, 170 AD3d 862; Matter of Wagner v Stevens, 143 AD3d 903).
We note that the portions of the brief of the attorney for the children which refer to matter dehors the record have not been considered in the determination of the appeal (see Matter of Rocioppi v Eliseo, 193 AD3d 1055; Matter of Swinson v Brewington, 84 AD3d 1251).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court