Matter of Morales v Diaz (2024 NY Slip Op 06610)

Matter of Morales v Diaz

2024 NY Slip Op 06610

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-00361
 (Docket Nos. V-2748-21/23D, V-2749-21/23D, V-2750-21/23D, V-2751-21/23D, V-2748-21/23E, V-2749-21/23E, V-2750-21/23E, V-2751-21/23E)

[*1]In the Matter of Chana Morales, appellant,
v
Franklin Diaz, respondent.

Alex Smith, Middletown, NY, for appellant.
Peter W. Green, Middletown, NY, for respondent.
Scott Stone, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered December 22, 2023. The order, insofar as appealed from, after a hearing, in effect, denied the mother's petition to modify an order of the same court entered April 4, 2022, so as to award her sole legal and physical custody of the parties' children or, in the alternative, in effect, to expand her parental access with the children, and denied the mother's petition alleging that the father violated the parental access provisions of the order entered April 4, 2022.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the mother's petition which was to modify the order entered April 4, 2022, so as, in effect, to expand her parental access with the parties' children, and substituting therefor a provision granting that branch of the mother's petition to the extent of modifying the order entered April 4, 2022, so as to direct the father to produce the children for in-person therapeutic and/or supervised parental access with the mother and to produce the children for telephonic and/or video parental access with the mother; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, to establish with all convenient speed an appropriate schedule of parental access for the mother with the children in accordance herewith.
The parties, who were never married, have four children together. In an order dated February 15, 2018 (hereinafter the 2018 order), issued on consent, the mother was awarded sole legal and physical custody of the children, with parental access to the father. The mother subsequently relocated from New York to North Carolina with the children while the father remained in New York. By order entered April 4, 2022 (hereinafter the 2022 order), the Family Court, inter alia, granted that branch of the father's petition which was, in effect, to modify the 2018 order so as to award him sole legal and physical custody of the children and awarded parental access to the mother, who was then still residing in North Carolina. Specifically, in the 2022 order, the court determined, among other things, that the mother was "entitled to either therap[e]utic or professionally supervised [*2]visitation with the . . . children . . . for two hours a week when [she] [wa]s present in . . . New York" and "to video or telephone contact with the . . . children, to be supervised by [the father], every Sunday at 6:00 p.m." On appeal, this Court, in a decision and order dated March 22, 2023, affirmed so much of the 2022 order as granted that branch of the father's petition which was, in effect, to modify the 2018 order so as to award him sole legal and physical custody of the children (see Matter of Morales v Diaz, 214 AD3d 874, 874-875).
In April 2023, the mother commenced a proceeding to modify the 2022 order so as to award her sole legal and physical custody of the children or, in the alternative, in effect, to expand her parental access with the children. In her petition, the mother alleged that she had relocated from North Carolina to New York and that she had not had parental access with the children despite the parental access provisions of the 2022 order. The mother also commenced a separate proceeding alleging that the father violated the parental access provisions of the 2022 order. In July 2023, the Family Court issued a temporary order directing therapeutic parental access for the mother with the children through virtual means only. By order entered December 22, 2023, the court, after a hearing, inter alia, in effect, denied the mother's petition to modify the 2022 order so as to award her sole legal and physical custody of the children or, in the alternative, in effect, to expand her parental access with the children and denied her petition alleging that the father violated the parental access provisions of the 2022 order. The mother appeals from the order entered December 22, 2023.
"A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change in circumstances and that modification is in the best interests of the child" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76-77). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d at 701 [internal quotation marks omitted]). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Luke v Erskine, 222 AD3d 868, 870 [citation and internal quotation marks omitted]). "Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807 [internal quotation marks omitted]).
Here, as an initial matter, the mother's "contention that the Family Court should have ordered a forensic evaluation is unpreserved for appellate review and, in any event, without merit, as the record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination" (Matter of Garrick v Simon, 197 AD3d 1316, 1316-1317).
Moreover, contrary to the mother's contention, the Family Court's determination, in effect, denying that branch of her petition which was to modify the 2022 order so as to award her sole legal and physical custody of the children has a sound and substantial basis in the record and, thus, will not be disturbed (see Matter of Natter v Honovich, 230 AD3d 1319, 1320; cf. Matter of Tobar v Velez-Molina, 95 AD3d 1224, 1225). To the extent the mother contends that the court should have awarded the parties joint custody of the children, she failed to raise this contention before the court, and, in any event, joint custody was not warranted (see Matter of Haase v Jones, 230 AD3d 774, 777-778; Matter of Morales v Diaz, 214 AD3d at 875).
However, the Family Court's determination, in effect, denying that branch of the mother's petition which was to modify the 2022 order so as, in effect, to expand her parental access [*3]with the children lacks a sound and substantial basis in the record (see Matter of Cornielle v Rosado, 231 AD3d 824; Matter of Haase v Jones, 230 AD3d at 779-780). "Parental access is a joint right of the noncustodial parent and of the child" (Matter of Cornielle v Rosado, 231 AD3d at 827 [alteration and internal quotation marks omitted]). "The extent to which the noncustodial parent may exercise parental access is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child, consistent with the concurrent right of the child and the noncustodial parent to meaningful time together" (Matter of Kerry D. v Deena D., 230 AD3d 492, 494 [alteration and internal quotation marks omitted]). "Nevertheless, absent extraordinary circumstances, such as where parental access would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable parental access privileges" (Matter of Kim v Becker, 223 AD3d 813, 815 [alteration and internal quotation marks omitted]).
Here, the mother's inability to obtain regular parental access with the children pursuant to the provisions of the 2022 order, despite her efforts to do so and her move back to New York from North Carolina, constituted a change in circumstances as compared to those that existed at the time that the 2022 order was issued (see Matter of Gayle v Muir, 211 AD3d 942, 943; Matter of Tobar v Velez-Molina, 95 AD3d at 1225; Matter of Peralta v Irrizary, 76 AD3d 561, 562). However, the father and the attorney for the children both correctly contend, in effect, that any change in circumstances was insufficient to support an award of unsupervised parental access to the mother as opposed to the "therap[e]utic or professionally supervised" parental access set forth in the 2022 order (see Matter of Dionis F. v Daniela Z., 229 AD3d 624, 626; Matter of Fernandez v Harrell, 194 AD3d 930, 930-931). Nor did the mother demonstrate that the change in circumstances warranted an increase in the two hours of weekly therapeutic or supervised parental access awarded to her in the 2022 order.
Nonetheless, the record reflects that the parental access awarded to the mother in the 2022 order largely has not occurred even though "there was no substantial evidence to support the conclusion that [the children] would be harmed by [it]" (Matter of Ronald C. v Sherry B., 144 AD3d 545, 547; see Matter of Parris v Wright, 170 AD3d 731, 732; Guy v Guy, 147 AD3d 1305, 1306). The Family Court credited the father's testimony that, although he encouraged the children to speak to the mother, they preferred not to have any contact with her. According to the father, there was "nothing" he could "really do" beyond encouraging them. Therefore, without a modification to the terms of the 2022 order, the mother's "right of parental access" will seemingly, in effect, continue to be improperly "conditioned on the desires of the children" (Matter of Mondschein v Mondschein, 175 AD3d 686, 687; see Guy v Guy, 147 AD3d at 1305-1306). Under the circumstances, we conclude that the court should have modified the parental access provisions of the 2022 order by expressly directing the father to produce the children for in-person therapeutic and/or supervised parental access with the mother and to produce them for telephonic and/or video parental access with the mother (see Guy v Guy, 147 AD3d at 1305-1306; Matter of Ronald C. v Sherry B., 144 AD3d at 545-548; Matter of Peralta v Irrizary, 76 AD3d at562). The court also should have set forth a more specific schedule for the mother's parental access, including by specifying when the telephonic and/or video parental access should occur and the duration thereof with each child. Accordingly, we remit this matter to the Family Court, Orange County, to establish with all convenient speed an appropriate schedule of parental access for the mother with the children based on the best interests of the children (see Matter of Shah v Shah, 186 AD3d 1692, 1692-1693).
Finally, "[t]o establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Palazzolo v Giresi-Palazzolo, 138 AD3d 866, 867). "The [petitioner] must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the [petitioner] was prejudiced by the offending conduct" (Matter of Freeborn v Elco, 188 AD3d 677, 680 [internal quotation marks omitted]). Under the circumstances presented, the Family Court properly determined that the mother failed to demonstrate that the father willfully violated the parental access provisions of the 2022 order (see Matter of Ramsey v Faustin, 213 AD3d 942, 943; cf. Matter of Thompson v Thompson, 78 AD3d 845, 845-847; Labanowski v Labanowski, 4 AD3d 690, 694).
The mother's remaining contention is unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court