■ In the Matter of JEROME J. MAXWELL, Respondent, v KEREEN WATT, Appellant. [59 NYS3d 81]—Appeal by the mother from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated May 4, 2016. The order, after a hearing, granted the father's petition to modify a prior order of custody of that court (Margaret M. Mulrooney, Ct. Atty. Ref.) dated November 28, 2011, so as to award him residential custody of the parties' child.

Ordered that the order dated May 4, 2016, is affirmed, without costs or disbursements.

The parties are the parents of one child, born in 2001. In an order dated November 28, 2011, the Family Court, upon the parties' consent, awarded the parties joint legal custody of the child, with residential custody to the mother. In July 2015, the father filed a petition to modify the order so as to award him residential custody. In the order appealed from, the court granted the father's petition. The mother appeals.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child (*see Matter of Vujanic v Petrovic*, 125 AD3d 984, 985 [2015]; *Matter of Davis v Pignataro*, 97 AD3d 677, 677 [2012]; *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]). In determining whether such a change exists, the court must consider the totality of the circumstances (*see Matter of Connolly v Walsh*, 126 AD3d 691, 693 [2015]). The wishes of the child are not controlling but are entitled to great weight where the child's age and maturity would make the child's input particularly meaningful (*see Matter of Coull v Rottman*, 131 AD3d 964, 964 [2015]). Here, contrary to the mother's contention, considering the totality of the circumstances, including the child's wishes, the Family Court's determination that there had been a change in circumstances requiring a transfer of residential custody to the father in order to ensure the best interests of the child has a sound and substantial basis in the

record. Therefore, the court's determination will not be disturbed (*see Matter of Oyefeso v Sully*, 148 AD3d 710, 712 [2017]). Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.