Matter of Schade v Kupferman (2020 NY Slip Op 07069)





Matter of Schade v Kupferman


2020 NY Slip Op 07069


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-14522
 (Docket No. O-6354-19)

[*1]In the Matter of Lindsay Krista Kupferman Schade, respondent, 
v
Pamela Jo Kupferman, appellant.


David W. Sparrow (Arnold A. Arpino & Associates, P.C., Hauppauge, NY [David A. Arpino], of counsel), for appellant.
Wendy Lee Lipsky, Garden City, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Pamela Jo Kupferman appeals from an order of protection of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated December 4, 2019. The order of protection, upon a finding that Pamela Jo Kupferman committed a family offense, made after a fact-finding hearing, directed her, inter alia, to stay away from the petitioner and the petitioner's children until and including December 3, 2021.
ORDERED that the order of protection is affirmed, with costs.
In July 2019, the petitioner commenced this family offense proceeding against her estranged mother, the appellant, Pamela Jo Kupferman. The petitioner alleged that she had clearly and unequivocally prohibited the appellant from having any contact with her or her children. The petitioner alleged that the appellant had been committing acts constituting, inter alia, the crime of harassment in the second degree by repeatedly contacting and attempting to contact the petitioner and the petitioner's children. After a fact-finding hearing, the Family Court found that the appellant had engaged in conduct constituting a family offense and issued an order of protection directing, inter alia, the appellant, with limited exceptions, to stay away from the petitioner and her children until and including December 3, 2021.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). Although the Family Court did not specify the particular family offense under Family Court Act § 812(1) that the appellant committed, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Martinez v Aguilar, 180 AD3d 915). As relevant here, a person commits the family offense of harassment in the second degree when, with intent to harass, annoy, or alarm another person, he or she "engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[3]). "While there is no question that an isolated incident cannot support a finding of harassment, a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [citations and internal quotation marks [*2]omitted]).
Based upon our independent review of the evidence, we find that the petitioner established by a preponderance of the evidence that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[3]) by, among other things, repeatedly approaching the petitioner's young children to introduce herself as their grandmother, and surreptitiously delivering gifts and leaving notes for the children despite the petitioner's clear instruction to not contact her or her children.
In light of our determination, we need not reach the parties' remaining contentions.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court