Matter of Breval v Martinez (2022 NY Slip Op 03113)





Matter of Breval v Martinez


2022 NY Slip Op 03113


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2021-04915
 (Docket No. O-1529-20)

[*1]In the Matter of Tamara Breval, appellant,
v
Alvin Arthur Martinez, respondent.


Gary E. Eisenberg, New City, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Rockland County (Keith J. Cornell, J.), entered May 17, 2021. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were dating for a period of time, no longer reside together and share no children in common. The petitioner filed a family offense petition dated September 14, 2020, in the Family Court alleging that the respondent had committed various family offenses. After a hearing, the court determined, inter alia, in effect, that the petitioner failed to establish by a fair preponderance of the evidence the elements of a family offense and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court whose determination regarding credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Lashlee v Lashlee, 161 AD3d 866, 867; M.B. v L.T., 152 AD3d 475, 476). "As relevant here, a person commits the family offense of harassment in the second degree when, with intent to
harass, annoy, or alarm another person, he or she 'engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose'" (Matter of Schade v Kupferman, 188 AD3d 1218, 1219, quoting Penal Law § 240.26[3]). "While there is no question that an isolated incident cannot support a finding of harassment, a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (Matter of Schade v Kupferman, 188 AD3d at 1219 [internal quotation marks omitted]).
Here, the Family Court properly found that the evidence adduced at the hearing failed to identify more than an isolated incident (see id.; Matter of Blamoville v Culbertson, 151 AD3d 1058, 1060; Matter of Patton v Torres, 38 AD3d 667, 668). The court's determination that the petitioner failed to establish that the respondent committed the family offense of harassment in the second degree on August 13, 2020, was based on its credibility assessments and is supported by the [*2]record.
In light of the foregoing, we need not consider the parties' remaining contentions.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court