Matter of Gayle v Muir (2022 NY Slip Op 07233)

Matter of Gayle v Muir

2022 NY Slip Op 07233

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-08057
 (Docket Nos. V-8879-19/19B/19D)

[*1]In the Matter of Steffan P. Gayle, respondent,
v
Anita L. Muir, appellant. (Proceeding No. 1.)
In the Matter of Anita Muir, appellant,
v
Steffan Gayle, respondent. (Proceeding No. 2.)

Jan Murphy, Huntington, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Amy L. Colvin, Huntington, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated October 21, 2021. The order, insofar as appealed from, after a hearing, granted that branch of the father's amended petition which was to modify a so-ordered stipulation of custody dated February 15, 2019, so as to award the father residential custody of the parties' child, and denied the mother's amended petition, in effect, to modify the so-ordered stipulation of custody so as to allow her to relocate with the child to Pennsylvania.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in March 2013, and their child was born in June 2013. In a so-ordered stipulation of custody dated February 15, 2019 (hereinafter the custody stipulation), the parties were awarded joint legal custody of the child, with the father to have final decision-making authority, inter alia, over issues concerning education. The custody stipulation further awarded residential custody of the child to the mother, with overnight parental access to the father every Wednesday and alternating weekends from Friday after school until Monday morning. In an amended decision after trial and order dated April 29, 2019, the Supreme Court, among other things, denied the mother's motion for permission to relocate with the child from Valley Stream in Nassau County to Pennsylvania.
The parents were divorced by a judgment of divorce dated June 20, 2019, which incorporated but did not merge the custody stipulation. Immediately thereafter, the mother relocated to Pennsylvania with the child, and, in September 2019, enrolled the child in a school in Pennsylvania without the father's consent.
In January 2020, the father filed an amended petition to modify the custody stipulation so as to award him sole legal and residential custody of the child, with parental access to the mother, and the mother filed an amended petition, in effect, to modify the custody stipulation so as to allow her to relocate with the child to Pennsylvania. Between March 2020 and August 2021, the Family Court conducted a hearing on the amended petitions, including an in camera interview with the child. In an order dated October 21, 2021, the court, inter alia, granted that branch of the father's amended petition which was to modify the custody stipulation so as to award him residential custody of the child, and denied the mother's amended petition. The mother appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Tedesco v Mazzara, 206 AD3d 917, 918 [internal quotation marks omitted]; see Matter of Picitelli v Carbone, 208 AD3d 582, 583). "A party seeking a change in . . . custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (Matter of Werner v Mazzenga, 174 AD3d 727, 728-729 [internal quotation marks omitted]). Here, where both parties' amended petitions alleged that the mother's relocation to Pennsylvania rendered certain provisions of the custody stipulation unfeasible, the Family Court properly conducted a hearing to determine the best interests of the child (see Gentile v Gentile, 149 AD3d 916, 918; Nusbaum v Nusbaum, 106 AD3d 791, 793).
In determining whether to modify a court-approved stipulation setting forth the terms of custody and parental access, "[t]he paramount concern . . . is the best interests of the child under the totality of the circumstances" (Matter of Tedesco v Mazzara, 206 AD3d at 919 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Khan v Potdar, 185 AD3d 822, 822-823). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]). "[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the child and the other parent, and some form of parental access by the noncustodial parent is generally appropriate, absent exceptional circumstances, such as those in which it would be inimical to the welfare of the child or where a parent in some manner has forfeited his or her right to such access" (Matter of Brown v Simon, 195 AD3d 806, 818 [brackets, citations, and internal quotation marks omitted]). "Furthermore, [w]hile the express wishes of [the] children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of Shah v Shah, 186 AD3d 1692, 1693 [internal quotation marks omitted]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
Here, contrary to the mother's contentions, considering the totality of the circumstances, the Family Court's determination that there had been a change in circumstances, inter alia, requiring an award of residential custody to the father in order to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Maxwell v Watt, 152 AD3d 693, 693-694). The evidence presented at the hearing established that while both parents were competent caregivers and had a positive relationship with the child, the father was the parent most likely to foster the child's relationship with the other parent (see Matter of Brown v Simon, 195 AD3d at 821-822).
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court