Matter of Pavon v Perez (2023 NY Slip Op 00426)

Matter of Pavon v Perez

2023 NY Slip Op 00426

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2022-02097
2022-02098
2022-02099
 (Docket Nos. V-2029-20/21A, V-2029-20/21B, V-2029-20/21C)

[*1]In the Matter of Kelvin Pavon, respondent,
v
Desiree Perez, appellant. (Proceeding No. 1.)
In the Matter of Desiree M. Perez, appellant,
v
Kelvin S. Pavon, respondent. (Proceeding No. 2.)

Jan Murphy, Huntington, NY, for appellant.
Donald T. Rollock, Mineola, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders and a decision of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), all dated March 7, 2022. The first order, insofar as appealed from, upon the decision, made after a hearing, granted the father's petition to modify an order of the same court dated May 4, 2021, to the extent of prohibiting the mother from relocating with the parties' child to a residence farther away from the father's residence than the child's current residence and directing that the mother's final decision-making authority concerning the child was subject to "consultation/discussion with the father." The second order, upon the decision, denied the mother's petition to modify the order dated May 4, 2021, so as to permit her to relocate with the child to Florida.
ORDERED the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the first order dated March 7, 2022, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order dated March 7, 2022, is affirmed, without costs or disbursements.
The parties, who were not married, have one child together. Pursuant to an order dated May 4, 2021, issued on consent, the parties were awarded joint legal custody of the child, with [*2]final decision-making authority to the mother, and the mother was awarded residential custody of the child, with parental access to the father. In August 2021, the father filed a petition to modify the order dated May 4, 2021, so as to award him sole legal and residential custody of the child. In September 2021, the mother filed a petition to modify the order dated May 4, 2021, so as to permit her to relocate with the child to Florida. In an order dated March 7, 2022, the Family Court, inter alia, granted the father's petition to the extent of prohibiting the mother from relocating with the child to a residence farther away from the father's residence than the child's current residence and directing that the mother's final decision-making authority concerning the child was subject to "consultation/discussion with the father." In a separate order, also dated March 7, 2022, the court denied the mother's petition. The mother appeals.
"In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, 651). "[A] parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Banks v DeLeon, 174 AD3d 598, 599 [internal quotation marks omitted]). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (id. at 599, quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741).
Here, the Family Court's determination that the child's best interests would not be served by relocating to Florida with the mother is supported by a sound and substantial basis in the record (see Matter of Wells v Dellago, 195 AD3d 625, 626). The mother failed to establish that the proposed relocation to Florida was economically necessary, that the relocation would enhance the child's life socially or educationally, and that the relocation would not have a negative impact on the child's relationship with the father (see Matter of Bailey v Ayoub, 203 AD3d 1043, 1044-1045; Matter of Wells v Dellago, 195 AD3d at 626; Matter of Follini v Currie, 176 AD3d 1203, 1205-1206).
To the extent that the mother contends that the Family Court improperly modified the order dated May 4, 2021, by changing the award of joint legal custody with final decision-making authority to the mother to simply "joint legal custody," the mother's contention is without merit. In the first order dated March 7, 2022, the court continued the award of joint legal custody to the parties with final decision-making authority to the mother, but directed that the mother's final decision-making authority was subject to "consultation/discussion with the father." The court's determination that the mother's final decision-making authority was subject to "consultation/discussion with the father" has a sound and substantial basis in the record and will not be disturbed (see Matter of Vialardi v Vialardi, 67 AD3d 921).
The mother's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court