Matter of Morgan v Eckles (2023 NY Slip Op 01678)

Matter of Morgan v Eckles

2023 NY Slip Op 01678

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-06913
 (Docket Nos. V-9303-14/21C, V-9304-14/21C, V-9303-14/22D, V-9304-14/22D)

[*1]In the Matter of Tina Morgan, appellant,
v
Robert E. Eckles, Jr., respondent. (Proceeding No. 1.)
In the Matter of Robert E. Eckles, Jr., respondent,
v
Tina Morgan, appellant. (Proceeding No. 2.)

Friedman & Friedman, PLLC, Garden City, NY (Laraib Butt of counsel), for appellant.
Mitev Law Firm, P.C., Stony Brook, NY (Vesselin Mitev of counsel), for respondent.
Steven P. Forbes, Huntington, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated July 29, 2022. The order, after a hearing, denied the mother's petition to modify the custody provisions of the parties' judgment of divorce so as to allow her to relocate with the parties' children to Rhode Island, and granted the father's petition, in effect, to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the children, with certain parental access to the mother.
ORDERED that the order is affirmed, with costs to the respondent.
The parties, who are the parents of two minor children, were divorced by judgment entered March 13, 2014, which incorporated, but did not merge, a stipulation of settlement dated May 30, 2013. Pursuant to the stipulation of settlement, the parties agreed to, inter alia, joint legal custody of the children, with sole residential custody to the mother, and certain parental access to the father. In December 2021, the mother filed a petition to modify the custody provisions of the judgment of divorce so as to allow her to relocate with the children to Rhode Island. At a court conference on January 24, 2022, the Family Court granted an application by the mother to temporarily relocate with the children to Rhode Island pending the determination of her petition on the ground that she had already secured employment in Rhode Island. In July 2022, the father filed a petition, in effect, to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the children. In an order dated July 29, 2022, after a hearing, the court denied the mother's relocation petition, and granted the father's petition, in effect, to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the [*2]children, with certain parental access to the mother. The mother appeals.
"In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, 651). "[A] parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Picitelli v Carbone, 208 AD3d 582, 583 [internal quotation marks omitted]). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (Matter of Banks v DeLeon, 174 AD3d 598, 599, quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that court's credibility findings are generally accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Banks v DeLeon, 174 AD3d at 599 [internal quotation marks omitted]).
Here, the Family Court's determination that the best interests of the children would not be served by relocating to Rhode Island with the mother is supported by a sound and substantial basis in the record (see Matter of Pavon v Perez, ___ AD3d ___, ___, 2023 NY Slip Op 00426, *2 [2d Dept]). The mother failed to establish that relocation to Rhode Island was economically necessary, that the relocation would enhance the children's lives socially or educationally, or that the relocation would not have a negative impact on the children's relationship with the father (see Pavon, ___ AD3d at ___, 2023 NY Slip Op 00426, *2 ; Matter of Bailey v Ayoub, 203 AD3d 1043, 1044-1045). Moreover, the record revealed that the children had lived in Long Island their entire lives, where they attended school, and had a support network of family and friends in Long Island, which they did not have in Rhode Island. The record also supported the court's finding that the father did not receive parenting time with the children to which he was entitled and had difficulty communicating with the children while they were in Rhode Island with the mother. The mother's contentions that she was unable to secure employment or obtain adequate housing within her financial means in Long Island were not adequately supported by the record.
Furthermore, considering the totality of the circumstances, the Family Court's determination that there was a change in circumstances based upon the mother's relocation to Rhode Island, requiring an award of sole residential custody to the father to ensure the best interests of the children, has a sound and substantial basis in the record (see Matter of Gayle v Muir, 211 AD3d 942; Matter of Kates v Simpson, 180 AD3d 1043, 1044). Moreover, while the expressed wishes of the children to remain in Long Island with the father are not controlling, they are entitled to great weight, as the children were 12 and 13 years old, respectively, at the time of the hearing (see Matter of Guerra v Oakes, 160 AD3d 855, 857).
Accordingly, the Family Court properly denied the mother's petition to modify the custody provisions of the judgment of divorce so as to allow her to relocate with the children to Rhode Island, and granted the father's petition, in effect, to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the children, with certain parental access to the mother.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court