Matter of Heppler v Oelsner (2023 NY Slip Op 03234)

Matter of Heppler v Oelsner

2023 NY Slip Op 03234

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-06575
 (Docket Nos. V-723-16/19F, V-723-16/19G, V-723-16/20H)

[*1]In the Matter of Megan L. Heppler, appellant,
v
Robert C. Oelsner, respondent. (Proceeding No. 1)
In the Matter of Robert C. Oelsner, respondent,
v Megan L. Heppler, appellant. (Proceeding Nos. 2 and 3)

Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri of counsel), for appellant.
Martha M. Rogers, Southampton, NY, for respondent.
Catherine C. DeSanto, Riverhead, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated August 19, 2021. The order, insofar as appealed from, after a fact-finding hearing, in effect, denied that branch of the mother's petition which was to modify the custody provisions of a so-ordered stipulation of settlement dated May 23, 2013, so as to award her sole legal and physical custody of the parties' child, and granted those branches of the father's cross-petitions which were to modify the custody provisions of the so-ordered stipulation of settlement so as to award him sole legal and physical custody of the child, and for permission to relocate with the child to Connecticut.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties have one child together, who was born in 2010. In a so-ordered stipulation of settlement dated May 23, 2013, the parties, inter alia, agreed to share legal and physical custody of the child. Subsequently, the mother petitioned, among other things, to modify the custody provisions of the stipulation of settlement so as to award her sole legal and physical custody of the child. The father filed two cross-petitions, inter alia, seeking to modify the stipulation of settlement so as to award him sole legal and physical custody of the child, and for permission to relocate with the child to Connecticut. In an order dated August 19, 2021, made after a fact-finding hearing and two in camera interviews with the child, the Family Court, among other things, in effect, granted those branches of the father's cross-petitions which were to modify the stipulation of settlement so as to as award him sole legal and physical custody of the child, and for permission to relocate with the child to Connecticut, and denied that branch of the mother's petition which was to modify the stipulation of settlement so as to award her sole legal and physical custody of the child. The mother [*2]appeals.
"In order to modify an existing [court-ordered] custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166; see Matter of O'Loughlin v Sweetland, 98 AD3d 983, 984). Similarly, a "parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Banks v DeLeon, 174 AD3d 598, 599 [internal quotation marks omitted]; see Matter of Picitelli v Carbone, 208 AD3d 582, 583). "The best interests of the child must be determined by a review of the totality of the circumstances" (Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1167; see Matter of Currie v Follini, 209 AD3d 649, 650). "The wishes of the child are not controlling but are entitled to great weight where the child's age and maturity would make the child's input particularly meaningful" (Matter of Maxwell v Watt, 152 AD3d 693, 693; see Matter of Bowe v Robinson, 23 AD3d 555, 557). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Currie v Follini, 209 AD3d at 650 [internal quotation marks omitted]; see Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1167).
Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of legal and physical custody to the father to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Currie v Follini, 209 AD3d at 650; Matter of Preciado v Ireland, 125 AD3d 662, 662; Matter of O'Loughlin v Sweetland, 98 AD3d at 984). "The Family Court possessed sufficient information to render an informed decision regarding custody consistent with the subject child's best interests" without the need for expert testimony (Matter of Rhodie v Nathan, 67 AD3d 687, 687). Similarly, contrary to the mother's contention, the court's determination that the child's best interests would be served by relocating with the father to Connecticut is supported by a sound and substantial basis in the record (see Matter of Banks v DeLeon, 174 AD3d at 600). "While the evidence showed that both parents love the child, the [father] was better suited to provide for the child's overall well-being" (id.).
Accordingly, the Family Court properly, in effect, granted those branches of the father's cross-petitions which were to modify the stipulation of settlement so as to award him sole legal and physical custody of the child, and for permission to relocate with the child to Connecticut, and denied that branch of the mother's petition which was to modify the stipulation of settlement so as to award her sole legal and physical custody of the child.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court