Matter of Davis v Perry (2025 NY Slip Op 00858)

Matter of Davis v Perry

2025 NY Slip Op 00858

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-12295
 (Docket Nos. V-6303-20/23I, V-6303-20/23K)

[*1]In the Matter of Joshua Davis, respondent, 
v
Theresa-Marie E. Perry, appellant. (Proceeding No. 1.)
In the Matter of Theresa-Marie E. Perry, appellant,
v
Joshua Davis, respondent. (Proceeding No. 2.)

Carol J. Lewisohn, Woodmere, NY, for appellant.
William A. Sheeckutz, East Meadow, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated December 12, 2023. The order, upon a decision of the same court also dated December 12, 2023, made after a hearing, granted the father's petition to modify an order of the same court dated April 28, 2021, entered on the consent of the parties, so as to award him residential custody of the parties' child, awarded him final decision-making authority, and, in effect, denied the mother's petition for permission to relocate with the child to New York City.
ORDERED that the order dated December 12, 2023, is affirmed, without costs or disbursements.
The parties have one child together, who was born in 2018. Pursuant to an order dated April 28, 2021, which was entered on the consent of the parties, the parties were awarded joint legal custody of the child, the mother was awarded residential custody of the child, and the mother was not permitted to relocate with the child more than 10 miles from the father's residence. In April 2023, the father filed a petition to modify the order so as to award him residential custody of the child. In June 2023, the mother filed a petition for permission to relocate with the child to New York City. Following a hearing, the Family Court granted the father's petition, awarded him residential custody of the child and final decision-making authority and, in effect, denied the mother's petition for permission to relocate with the child to New York City. The mother appeals.
"'In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Jones v Jones, 231 AD3d 829, 830, quoting Matter of Marotta v Marotta, 218 AD3d 468, 470). "'Similarly, a parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Brown v McGhee, 227 AD3d 983, 983, quoting Jacobson v Jacobson, 222 [*2]AD3d 847, 848). "The paramount concern when making a determination regarding the modification of an existing custody or parental access arrangement 'is the best interests of the child under the totality of the circumstances'" (Matter of Rossi v O'Leary, 231 AD3d 835, 836, quoting Matter of Martinez v Gaddy, 223 AD3d 816, 817). "'Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record'" (Matter of Martinez v Gaddy, 223 AD3d at 817, quoting Matter of Gangi v Sanfratello, 157 AD3d 677, 678).
Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of residential custody and final decision-making authority to the father to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Heppler v Oelsner, 217 AD3d 767, 769; Matter of Thomas v Mobley, 206 AD3d 743, 745). The evidence demonstrated that both parents love the child and were able to provide for the child's needs, but the father could offer the child greater stability (see Matter of Vidal v Taneja, 218 AD3d 594, 595; Matter of Clarke v Wiltshire, 145 AD3d 776, 777; Matter of Quinones v Quinones, 139 AD3d 1072, 1074). Furthermore, since the record establishes that the nature of the parties' relationship effectively precluded joint decision-making, there is no basis to disturb the court's determination to award the father final decision-making authority (see Matter of Cornielle v Rosado, 231 AD3d 824, 826).
Accordingly, the Family Court properly awarded the father residential custody of the child and final decision-making authority and, in effect, denied the mother's petition.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court