Matter of Samuels v Pallano (2025 NY Slip Op 02074)

Matter of Samuels v Pallano

2025 NY Slip Op 02074

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-07514
 (Docket Nos. V-114211-14/20E, V-114211-14/20F, V-114211-14/20G, V-114211-14/20J; V-114211-14/20M)

[*1]In the Matter of Shane Samuels, respondent,
v
Ashley Pallano, appellant. (Proceeding No. 1)
In the Matter of Ashley Pallano, appellant,
v Shane Samuels, respondent. (Proceeding No. 2)

Carol Carozza, New Rochelle, NY, for appellant.
Karen M. Jansen, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), dated August 29, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the father's motion which was to modify an order of the same court (Rachel Hahn, J.) dated November 12, 2019, so as to award him sole legal and residential custody of the parties' child and, in effect, denied that branch of the mother's motion which was to modify the order dated November 12, 2019, so as to award her sole legal custody of the parties' child.
ORDERED that the order dated August 29, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together, born in October 2014. In an order dated November 12, 2019 (hereinafter the 2019 order), entered upon the parties' consent, the Family Court awarded the parties joint legal custody of the child, with sole residential custody to the mother and certain parental access to the father.
In January 2020, the father moved, inter alia, to modify the 2019 order so as to award him sole legal and residential custody of the child. In July 2020, the mother moved, among other things, to modify the 2019 order so as to award her sole legal custody of the child. After a hearing, in an order dated August 29, 2022, the Family Court, inter alia, granted that branch of the father's motion which was to modify the 2019 order so as to award him sole legal and residential custody of the child and, in effect, denied that branch of the mother's motion which was to modify the 2019 order so as to award her sole legal custody of the child. The mother appeals.
"In order to modify an existing custody arrangement, there must be a showing of a [*2]subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Jones v Jones, 231 AD3d 829, 830 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76-77). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Luke v Erskine, 222 AD3d 868, 870 [citation and internal quotation marks omitted]). "However, [t]he existence or absence of any one factor . . . cannot be determinative[,] . . . since the court is to consider the totality of the circumstances" (Matter of Nathaniel v Mauvais, 234 AD3d 766, 768 [internal quotation marks omitted]). "Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807 [internal quotation marks omitted]).
Here, the Family Court's determination that a change in circumstances existed to warrant modification of the custody provisions of the 2019 order is supported by a sound and substantial basis in the record (see Matter of Nathaniel v Mauvais, 234 AD3d 766). Additionally, there is a sound and substantial basis in the record for the court's determination to award sole legal and residential custody of the child to the father (see Matter of Martinez v Gaddy, 223 AD3d at 818). The evidence indicated that the father "was better suited to provide for the child's overall well-being" (Matter of Nathaniel v Mauvais, 234 AD3d at 769 [internal quotation marks omitted]) in light of the mother's behavioral issues toward the child (see Matter of Chung v Toppin, 209 AD3d 647, 649), the mother's lack of insight into how her conduct was affecting the child's well-being (see Matter of Nathaniel v Mauvais, 234 AD3d 766), and the father's testimony that he would work to promote the child's relationship with the mother (see Matter of Kerry D. v Deena D., 230 AD3d 492, 494-495; Matter of Gayle v Muir, 211 AD3d 942).
The mother's contention that the Family Court erred in failing, sua sponte, to declare a mistrial is unpreserved for appellate review. The mother failed to request such relief (see Matter of David ZZ. v Amanda YY., 214 AD3d 1057, 1058; see generally CPLR 4402, 4404[b]).
The mother's contention that the Family Court erred in denying her motion to vacate the order appealed from and for a new hearing, including an updated forensics report, is not properly before this Court, as she did not appeal from an order denying that motion (see Family Ct Act § 1113).
The mother's remaining contention is without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court