Matter of Martinez v Toole (2025 NY Slip Op 03721)

Matter of Martinez v Toole

2025 NY Slip Op 03721

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-05841
2024-05842
 (Docket Nos. V-5537-18/23R, V-5537-18/23S, O-6231-23)

[*1]In the Matter of Efrain Martinez, respondent, 
v
Stephanie Toole, appellant. (Proceeding No. 1.)
In the Matter of Stephanie Toole, appellant,Efrain Martinez, respondent.
(Proceeding No. 2.)

Samuel S. Coe, White Plains, NY, for appellant.
Geoffrey E. Chanin, Goshen, NY, for respondent.
Georg E. Reed, Jr., White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from (1) an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated June 28, 2024, and (2) an order of protection of the same court, also dated June 28, 2024. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of the same court dated March 15, 2022, entered on the consent of the parties, so as to award him sole legal and physical custody of the parties' child, denied the mother's petition to modify the order dated March 15, 2022, so as to award her sole legal and physical custody of the parties' child and to permit her to relocate with the parties' child to North Carolina, granted the father's family offense petition to the extent of finding that the mother committed the family offense of harassment in the second degree, and directed the issuance of an order of protection in favor of the father and against the mother for a period of two years. The order of protection directed the mother to refrain from certain conduct with respect to the father until and including June 28, 2026.
ORDERED that the order dated June 28, 2024, is modified, on the law and the facts, by deleting the provision thereof finding that the mother committed the family offense of harassment in the second degree and granting the father's family offense petition, and substituting therefor a provision denying the father's family offense petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of protection is reversed, on the law and the facts, without costs or disbursements.
The parties, who were never married to each other, are the parents of one child. Pursuant to an order dated March 15, 2022 (hereinafter the prior order), made on consent, the parties [*2]were awarded joint legal custody of the child, with primary physical custody to the mother. In February 2023, the mother filed a petition to modify the prior order so as to permit her to relocate with the child (hereinafter the mother's first petition). While that petition was pending, the mother relocated with the child to North Carolina. Thereafter, the father filed a petition to modify the prior order so as to award him sole legal and physical custody of the child. On August 31, 2023, the Family Court, inter alia, dismissed the mother's first petition upon her failure to appear in person at a scheduled court appearance. In September 2023, the mother returned to New York with the child and filed a petition to modify the prior order so as to award her sole legal and physical custody of the child and to permit her to relocate with the child to North Carolina (hereinafter the mother's second petition). Additionally, pursuant to court order, the father obtained temporary custody of the child. On December 26, 2023, the father filed a family offense petition, alleging that the mother committed various family offenses based upon an incident that had occurred on December 16, 2023. In an order dated June 28, 2024, made after a hearing, and an in camera interview with the child, the court denied the mother's second petition, granted the father's petition to modify the prior order, granted the father's family offense petition to the extent of finding that the mother committed the family offense of harassment in the second degree, and directed the issuance of an order of protection in favor of the father and against the mother for a period of two years. On the same date, the court issued an order of protection directing the mother, among other things, to refrain from harassing the father until and including June 28, 2026. The mother appeals.
"A parent seeking to modify an existing custody order must show a change in circumstances such that modification is required to protect the best interests of the child[ ]" (Matter of Morales v Diaz, 214 AD3d 874, 875). "[A] 'parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Heppler v Oelsner, 217 AD3d 767, 768, quoting Matter of Banks v DeLeon, 174 AD3d 598, 599; see DeFilippis v DeFilippis, 146 AD3d 750, 750). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Caravella v Toale, 78 AD3d 828, 828; see Matter of Davis v Perry, 235 AD3d 747, 748). "'The wishes of the child are not controlling but are entitled to great weight where the child's age and maturity would make the child's input particularly meaningful'" (Matter of Heppler v Oelsner, 217 AD3d at 769, quoting Matter of Maxwell v Watt, 152 AD3d 693, 693; see Matter of Gayle v Muir, 211 AD3d 942, 944). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Gayle v Muir, 211 AD3d at 944 [internal quotation marks omitted]; see Matter of Pena v Cordero, 152 AD3d 697, 698).
Here, the Family Court's determinations that the best interests of the child would not be served by relocating to North Carolina with the mother and that there had been a change in circumstances requiring an award of sole legal and physical custody to the father to ensure the best interests of the child have a sound and substantial basis in the record (see Matter of Morgan v Eckles, 214 AD3d 983, 985). The mother failed to establish that relocation to North Carolina was economically necessary, that the relocation would enhance the child's life socially or educationally, or that the relocation would not have a negative impact on the child's relationship with the father (see id.; Matter of Pavon v Perez, 213 AD3d 674, 675-676). The evidence presented at the hearing established that the child was doing well in the father's care and that he will provide a more stable home environment for the child (see Matter of Gayle v Muir, 211 AD3d at 945; Matter of Brown v Perez, 176 AD3d 934, 936).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832; Matter of Cook v Berehowsky, 211 AD3d 727, 728). "As relevant here, a person commits the family offense of harassment in the second degree when, with intent to harass, annoy, or alarm another person, he or she 'engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose'" (Matter of Schade v Kupferman, 188 AD3d 1218, 1219, quoting Penal Law § 240.26[3]; see Matter of Breval v Martinez, 205 AD3d 805, 806). "[T]here is no question that an isolated incident cannot support a finding of harassment" (Matter of Breval v Martinez, 205 AD3d at 806 [internal quotation marks [*3]omitted]; see Matter of Schade v Kupferman, 188 AD3d at 1219).
Here, contrary to the Family Court's finding, the father failed to establish by a fair preponderance of the evidence that the mother committed the family offense of harassment in the second degree, as the father failed to identify more than an isolated incident (see Penal Law § 240.26[3]; Matter of Breval v Martinez, 205 AD3d at 806). The father testified to only one isolated incident involving a verbal dispute that he had with the mother and her husband (see Matter of Breval v Martinez, 205 AD3d at 806). That dispute occurred on the driveway of the father's home when the mother and her husband dropped off the child at the father's home, instead of at a police station, which the father claimed was the agreed upon exchange location.
The mother's remaining contentions are not properly before this Court.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court