Matter of Weekes v Martin-Weekes (2025 NY Slip Op 05245)

Matter of Weekes v Martin-Weekes

2025 NY Slip Op 05245

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-13033
2024-13034
 (Docket Nos. V-24520-19/22B, V-24520-19/22C)

[*1]In the Matter of Elwin Weekes, respondent,
.
v
Stacey-Ann Martin-Weekes, appellant. (Proceeding No. 1.)
In the Matter of Stacey-Ann Martin, appellant,
v
Elwin Weekes, respondent. (Proceeding No. 2.)

Arthur Rubin, Kew Gardens, NY, for appellant.
Zeitlin & Zeitlin, P.C., Brooklyn, NY (David A. Zeitlin of counsel), for respondent.
Stewart N. Altman, Williston Park, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Queens County (Dean T. Kusakabe, J.), both dated November 22, 2024. The first order, after a hearing, granted the father's petition, in effect, to modify the custody provisions of the parties' judgment of divorce dated June 1, 2017, which incorporated but did not merge a stipulation of settlement dated December 22, 2016, so as to award him sole legal and residential custody of the parties' child, with certain parental access to the mother. The second order, after a hearing, denied the mother's petition, inter alia, to modify the custody provisions of the judgment of divorce so as to allow her to relocate with the child to Florida.
ORDERED that the orders are affirmed, without costs or disbursements.
The mother and the father are the parents of one child, who was born in 2014. The parties were divorced by a judgment dated June 1, 2017, which incorporated but did not merge a stipulation of settlement dated December 22, 2016 (hereinafter the stipulation). The stipulation provided that the mother would have custody of the child, with certain parental access to the father. The stipulation also provided that the mother could not "relocate with the child outside of New York without written authorization from [the father] or upon application to the Supreme Court or Family Court."
In or about November 2021, the mother relocated with the child to Florida without court approval and without telling the father that they were leaving or notifying him where they had gone. In March 2022, the father filed a petition, in effect, to modify the custody provisions of the judgment of divorce so as to award him sole legal and residential custody of the child, with certain parental access to the mother. In April 2022, the father filed a petition for writ of habeas corpus. [*2]By order dated July 19, 2022, the Family Court ordered the mother to return the child to the father by August 14, 2022. After the child was returned to the father, the mother filed a petition, inter alia, for permission to relocate with the child to Florida.
"A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Quinn v Quinn, 134 AD3d 688, 689; see Matter of Nathaniel v Mauvais, 234 AD3d 766, 770). In determining whether relocation is in the child's best interests, the court must consider a number of factors including "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable [parental access] arrangements" (Matter of Scotto v Alexander, 231 AD3d 1157, 1158 [internal quotations marks omitted]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "While not necessarily determinative, the child's expressed preference is some indication of what is in his or her best interests, and, in weighing that factor, a court must consider the age and maturity of the child" (Matter of Fortune v Jasmin, 232 AD3d 601, 603 [internal quotation marks omitted]; see Matter of Heppler v Oelsner, 217 AD3d 767, 769). Additionally, "[a]lthough the unilateral removal of the children from the jurisdiction is a factor for the court's consideration, an award of custody must be based on the best interests of the children and not a desire to punish a recalcitrant parent" (Matter of Tekeste B.-M. v Zeineba H., 37 AD3d 1152, 1154 [citation and internal quotation marks omitted]).
The Family Court's determination that the best interests of the child would not be served by relocating to Florida with the mother and that an award of sole legal and residential custody to the father would be in the child's best interests, has a sound and substantial basis in the record (see Matter of Morgan v Eckles, 214 AD3d 983, 985). The record supports the conclusion that the mother would not foster a relationship between the father and the child (see Matter of Herry v Perry, 239 AD3d 742, 744; Matter of Hudson v Carter, 229 AD3d 1097, 1098). Further, the child is doing well in the father's care, has expressed her desire to live with the father, and the mother has failed to show how the child's life may be enhanced economically, emotionally, and educationally by the move (see Matter of Gravel v Makrianes, 120 AD3d 815, 817).
Contrary to the mother's contention, the Family Court did not err in failing to order forensic evaluations of the parties. The mother did not request forensic evaluations, and the record does not indicate that such evaluations were necessary to enable the court to reach its determination (see Pettei v Pettei, 207 AD3d 670, 672; Matter of Jose v Guilford, 188 AD3d 1209, 1211; Matter of Jennings v Small, 59 AD3d 546, 546). Moreover, the court did not improvidently exercise its discretion in failing to act sua sponte to conduct an updated in camera interview of the child (see Matter of Wright v Perry, 169 AD3d 910; Matter of Arroyo v Agosta, 112 AD3d 920, 921).
The parties' remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court