Matter of Kaye v Triantis (2026 NY Slip Op 01513)

Matter of Kaye v Triantis

2026 NY Slip Op 01513

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2025-00514
 (Docket Nos. O-3094/22, O-3094-22/24A, O-3094-22/22B)

[*1]In the Matter of Lana Kaye, appellant,
vHarry Triantis, respondent.

Jan Murphy, Huntington, NY, for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Sylvia A. Cabana, J.), dated November 18, 2024. The order, after a hearing, denied the petitions and, in effect, dismissed the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
In April 2022, the petitioner commenced a family offense proceeding against her former husband (hereinafter the respondent), alleging that the respondent had committed multiple family offenses against her. The Family Court issued a temporary order of protection. In an order dated October 7, 2022, the Family Court, in effect, granted the respondent's application to dismiss the petition for failure to state a cause of action, and dismissed the petition. In a decision and order dated March 20, 2024, this Court reversed the order on the ground that "liberally construing the allegations of the petition and granting the petitioner the benefit of every possible favorable inference, the petition alleged conduct that constituted an enumerated family offense, namely harassment in the second degree" (Matter of Kaye v Triantis, 225 AD3d 763, 764; see Penal Law § 240.26[3]). The matter was remitted to the Family Court, Nassau County, for further proceedings on the family offense petition (Matter of Kaye v Triantis, 225 AD3d at 763).
Upon remittur, the petitioner moved to reinstate the temporary order of protection. The Family Court granted the motion and issued a temporary order of protection dated June 21, 2024, directing the respondent, inter alia, to refrain from committing the crimes of assault, stalking, harassment, aggravated harassment, or menacing against the petitioner. In October 2024, the petitioner filed, among other things, a petition seeking an order of protection directing the respondent to stay away from her, alleging that the respondent had violated the provisions of the temporary order of protection.
The Family Court conducted a hearing on all pending petitions and, by order dated November 18, 2024, denied the petitions and, in effect, dismissed the proceedings. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition" (Matter of Sealy v Peart, 215 AD3d 971, 972; see Matter of Martinez v Toole, 239 AD3d 855, 857; [*2]Matter of Julien v Lewin, 238 AD3d 757, 758). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Warren v Brandofino, 236 AD3d 917, 918 [internal quotation marks omitted]; see Matter of Mitchell-George v George, 234 AD3d 969, 969).
"A person commits harassment in the second degree when with the intent to harass, annoy, or alarm another, he or she 'engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose'" (Matter of Julien v Lewin, 238 AD3d at 758, quoting Penal Law § 240.26[3]; see Matter of Martinez v Toole, 239 AD3d at 857; Matter of Schade v Kupferman, 188 AD3d 1218, 1219). "While there is no question that an isolated incident cannot support a finding of harassment, a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (Matter of Schade v Kupferman, 188 AD3d at 1219 [internal quotation marks omitted]; see Matter of Martinez v Toole, 239 AD3d at 857).
Here, the Family Court's determination that the petitioner had not established that the respondent committed the family offense of harassment in the second degree was based on the court's credibility assessment of the witnesses and is supported by the record (see Matter of Pope v Pope, 243 AD3d 914, 916; Matter of Martinez v Toole, 239 AD3d at 858; Matter of Julien v Lewin, 238 AD3d at 758-759). Accordingly, there is no basis to disturb the court's determination to deny the family offense petition and, in effect, dismiss the family offense proceeding.
Although the Family Court failed to state on the record the basis for its determination to deny the violation petition, remittal is unnecessary "because the record is sufficient for this Court to conduct an independent review of the evidence" (Matter of Porter v Moore, 149 AD3d 1082, 1083-1084; see Matter of Milworm v Milworm, 132 AD3d 677, 677; cf. Matter of Sealy v Peart, 215 AD3d at 972). At the outset, contrary to the respondent's contention at the hearing on the violation petition, the court was not required to deny the violation petition based on the denial of the family offense petition (see Matter of Lisa T. v King E.T., 30 NY3d 548, 551-553; Matter of Santiago v Santiago, 158 AD3d 772, 773). However, the petitioner failed to establish that the respondent wilfully violated the temporary order of protection dated June 21, 2024 (see Matter of Pope v Pope, 243 AD3d at 916; Matter of Santiago v Santiago, 158 AD3d at 773). Accordingly, the court properly denied the violation petition and, in effect, dismissed that proceeding.
The petitioner's remaining contention's are without merit.
LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court