Matter of Roopnauth-Tajeshwar v Tajeshwar

2026 NY Slip Op 03312

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Hamantini Ranju Roopnauth-Tajeshwar, appellant,

v

Danesh Tajeshwar, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-12701, (Docket Nos. V-13816-22/24A, V-18235-22/24B)

Mark C. Dillon, J.P.

William G. Ford

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Austin I. Idehen, Jamaica, NY, for appellant.

Daniel P. Moskowitz, Jamaica, NY, attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Gilbert A. Taylor, J.), dated November 18, 2024. The order denied the mother's petition to modify a so-ordered stipulation dated January 24, 2023, so as to, in effect, grant her primary residential custody of the parties' child and permit her to relocate the child from New York to Guyana.

ORDERED that the order is affirmed, without costs or disbursements.

The parties have one child together, who was born in December 2016. In a so-ordered stipulation dated January 24, 2023, the parties agreed, inter alia, that the father shall have legal and primary residential custody of the child subject to the mother's parental access. In March 2024, the mother filed a petition to modify the stipulation so as to, in effect, grant her primary residential custody and permit her to relocate the child from New York to Guyana. In an order dated November 18, 2024, after a hearing, the Family Court denied the petition. The mother appeals.

"In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter Pavon v Perez, 213 AD3d 674, 675 [internal quotation marks omitted]). "A parent seeking to relocate with a child bears the burden of establishing by a preponderance of evidence that the proposed move would be in the child's best interests" (Matter of Weekes v Martine-Weekes, 242 AD3d 761, 762 [internal quotation marks omitted]; see Matter of Morgan v Eckles, 214 AD3d 983, 984).

Here, the Family Court's determination denying the mother's petition is supported by a sound and substantial basis in the record (see Matter of Mackey v Reaves, 246 AD3d 808, 810; Matter of Pavon v Perez, 213 AD3d at 675). The evidence presented at the hearing established that the child was doing well in the father's care in a stable home environment (see Matter of Mackey v Reaves, 246 AD3d at 810; Matter of Weekes v Martin-Weekes, 242 AD3d at 763). Furthermore, the mother failed to establish that the proposed relocation to Guyana would enhance the child's life emotionally or educationally and that the move would not have a negative impact on the child's relationship with the father (see Matter of Branch v Lee, __ AD3d __, __, 2026 NY Slip Op 02402, [*2]at *1; Matter of Martinez v Toole, 239 AD3d 855, 857; Matter of Pavon v Perez, 213 AD3d at 675-676).

Accordingly, the Family Court properly denied the mother's petition to modify the so-ordered stipulation so as to, in effect, grant her primary residential custody of the child and permit her to relocate the child from New York to Guyana (see Matter of Brown v McGhee, 227 AD3d 983, 983-984).

DILLON, J.P., FORD, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court